UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 13-23881-CIV-MARTINEZ/GOODMAN

GUARANTEE INSURANCE CO.,

    Plaintiff,

v.

HEFFERNAN INSURANCE BROKERS,
INC., et al.,

    Defendants.
_____/

## ORDER GRANTING MOTION TO SEAL

This Cause is before the Undersigned on Defendants Heffernan Insurance Brokers, Inc. ("Heffernan") and Socius Insurance Services, Inc. ("Socius," and, together with Heffernan, "Defendants") Motion to Seal Emails to Which Defendants Have Asserted Work Product Protection for Ex Parte Review by the Court (the "Motion"). [ECF No. 177]. The Court held a hearing on this and related matters on October 3, 2014, at which Plaintiff Guarantee Insurance Co. ("Guarantee") made it clear that it does not object to the relief requested herein. After review of the Motion, and all pertinent portions of the record, it is **ORDERED and ADJUDGED** that the Motion is **GRANTED**. As referenced below, the Undersigned has already completed the *ex parte* review of the

documents filed under seal. The Clerk of the Court is directed to return the documents filed under seal at ECF No. 177-1 to Defendants.

## I. The Legal Standard for Sealing Filed Court Documents

Information exchanged by litigants between themselves during discovery may remain behind a veil of secrecy. *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33 (1984). There are sound reasons for this. At common law, discovery proceedings were not open to the public. *Id.* (internal citations omitted). Pragmatically, much of discovery is conducted in private and much of the information exchanged during discovery is only tangentially relevant to the actual issues in the litigation. *Id.*

But when discovery materials are filed in connection with a *substantive* pretrial motion, the public's common law right of access attaches to the documents and the veil of secrecy must be lifted. *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1245 (11th Cir. 2007). The sealing proponent may overcome this common law right of access by showing good cause, i.e., that the balance tips in its favor to keep the material sealed and against the public's common law right of access. *Id.* at 1247 (citation omitted); *Emess Capital, LLC v. Rothstein*, 841 F. Supp. 2d 1251, 1254-55 (S.D. Fla. 2012).

A party's designation of whether a document is "confidential" under a Confidentiality Agreement does not control whether the document is entitled to be *sealed* under Local Rule 5.4. *See Consejo de Defensa Del Estado de La Republica de Chile v. Espirito Santo Bank*, No. 09-20613-CIV-GRAHAM/TORRES, 2010 WL 2712093 (S.D. Fla.

July 7, 2010) (noting that even the entry of a Confidentiality Order by the Court does not alter the sealing process or procedure).  Under Local Rule 5.4, the presumption in this district is that court filings and proceedings are public. Local Rule 5.4(a). The Local Rule, however, provides the procedure to follow when a party seeks to file something under seal: the party must file a motion, "setting forth a **reasonable basis** for departing from the general policy of a public filing." Local Rule 5.4(b) (emphasis added). Likewise, Federal Rule of Civil Procedure 26 authorizes a court, for **good cause**, to enter a protective order to seal or to limit disclosure.

## II.     The Documents at Issue

Here, there is ample reason to seal the filed emails. First, these documents have *not* been attached to a substantive pretrial motion of any kind. Second, at issue here is a discovery dispute—*i.e.*, whether the documents that Defendants claim are protected work product should in fact be produced. The Court has agreed to review the documents *in camera*, and it is for this reason alone that they have been filed at all. It follows in a case like this that there is good cause for the documents to be filed under seal. For these reasons, the Motion is **GRANTED.** The documents may be filed under seal. The Court has already completed its *ex parte* review, and, contemporaneously with granting this Motion, also ruled on the Motion to Compel that these documents relate

3

to. The Clerk of the Court is directed to return the documents filed under seal at ECF No. 177-1 to Defendants.

**DONE AND ORDERED** in Chambers, in Miami, Florida, October 15, 2014.

_____
Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to**:
Honorable Jose E. Martinez
All Counsel of Record